UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
(CINCINNATI)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| DANIEL C. GLENN | ) | |
| NANCY SUE GLENN | ) | BANKRUPTCY CASE NO. 05-15501 |
| | ) | |
| Debtors. | ) | JUDGE BURTON PERLMAN |
| | ) | |

**MOTION FOR ORDER DIRECTING PAYMENT
OF FUNDS TO CREDITOR/CLAIMANT
PURSUANT TO 11 U.S.C. § 347 AND 28 U.S.C. §§ 2041,** *et seq.*

NOW COMES WesBanco Bank, Inc., successor by merger to Oak Hill Banks (hereinafter, the "Claimant" or "WesBanco"), through its counsel, Robert D. Plumby, Esq. and the law firm of Phillips, Gardill, Kaiser & Altmeyer, PLLC, and hereby respectfully moves this Honorable Court, under 11 U.S.C. § 347, 28 U.S.C. § 2042, Rule 3011 of the Federal Rules of Bankruptcy Procedure, and LBR 3011-1, for an Order directing payment of all funds held by the Court for the Claimant. In support of this Motion, Claimant WesBanco states the following:

<u>**MEMORANDUM IN SUPPORT**</u>

1. Claimant WesBanco, 1 Bank Plaza, Wheeling, WV 26003, is the successor by merger to Oak Hill Banks. *The Ohio Secretary of State Certificate of Merger Documents are attached hereto and incorporated by reference herein as Exhibit A.*

2. WesBanco's predecessor, Ohio Hill Banks, was a creditor of the Debtors in the above-captioned case and filed two claims for debts owed at the time the Debtors' Bankruptcy Case was filed:

    a. Court Claim No. 11-2, filed June 5, 2007, regarding money loaned on a Note dated June 27, 2002. *The Proof of Claim, Court Claim No. 11-2, is attached hereto and incorporated by reference herein as Exhibit B.*

    b. Court Claim No. 12-2, filed June 5, 2007, regarding the Debtors' personal guarantee of a Note dated June 27, 2002. *The Proof of Claim, Court Claim No. 12-2, is attached hereto and incorporated by reference herein as Exhibit C.*

{P0064155.1}

3.  The Claims filed by WesBanco's predecessor, Oak Hill Banks, were allowed by Order of the Court dated January 29, 2008, Docket Document No. 45, a copy of which is attached hereto and incorporated by reference herein as Exhibit D.

4.  Accordingly, WesBanco's predecessor, Oak Hill Banks, was due to receive and the Trustee did, in fact, make distributions from the Estate to WesBanco's predecessor, Oak Hill Banks in the amounts of $516.40 (Claim No. 11) and $6,406.28 (Claim No. 12).  *See the Trustee's Final Report and Account, Docket Document No. 47, at page 3 (Claims Analysis Form 5-C), attached hereto and incorporated by reference herein as Exhibit E.*

5.  However, the distributions went unclaimed and the funds, totaling $6,922.68, were paid into the Court pursuant to 11 U.S.C. § 347(a).  *See the Trustee's Notice to the Clerk, Docket Document No. 54, attached hereto and incorporated by reference herein as Exhibit F.*

6.  Pursuant to 11 U.S.C. § 347, 28 U.S.C. § 2042,  Rule 3011 of the Federal Rules of Bankruptcy Procedure, and LBR 3011-1, Claimant WesBanco, successor by merger to Oak Hill Banks, requests that the Court issue an Order directing payment to Claimant WesBanco Bank, Inc. and that payment be made in care of WesBanco's counsel:

> Phillips, Gardill, Kaiser & Altmeyer, PLLC
> Attn: Robert D. Plumby, Esq.
> 61 Fourteenth Street
> Wheeling, WV 26003

WHEREFORE, Claimant, WesBanco Bank, Inc., successor by merger to Oak Hill Banks, respectfully requests that the Court issue an order directing payment of all funds held by the Court for the Claimant in this case and for such further and other relief as is just and appropriate.

Respectfully Submitted,

*/s/ Robert D. Plumby*
Robert D. Plumby, Esq. (OH Sp Ct Reg. No. 0079646)
PHILLIPS, GARDILL, KAISER & ALTMEYER, PLLC
61 Fourteenth St., Wheeling, WV  26003
T:  (304) 232-6810 - F:  (304) 232-4918
Email:  robertplumby@pgka.com
*Attorney for WesBanco Bank, Inc., successor by merger to Oak Hill Banks*

{P0064155.1}

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## (CINCINNATI)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 7** |
| **DANIEL C. GLENN** | ) | |
| **NANCY SUE GLENN** | ) | **BANKRUPTCY CASE NO. 05-15501** |
| | ) | |
| **Debtors** | ) | **JUDGE BURTON PERLMAN** |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2010, a copy of the foregoing MOTION FOR ORDER DIRECTING PAYMENT OF FUNDS TO CREDITOR/CLAIMANT PURSUANT TO 11 U.S.C. § 347 AND 28 U.S.C. §§ 2041, *et seq.* was served via U.S. Mail, first class, postage prepaid on the following:

United States Attorney
221 E. Fourth St., Suite 400
Cincinnati, OH 45202

Asst. U.S. Trustee (Cin)
Office of the US Trustee
36 East Seventh St., Suite 2050
Cincinnati, OH 45202

George Leicht, Esq.
P.O. Box 400
202 East Plane Street
Bethel, OH 45106-0400
*Bankruptcy Case Trustee*

Michael L Baker, Esq.
541 Buttermilk Pike, Suite 500
P.O. Box 175710
Covington, KY 41017-5710
*Attorney for Debtors*

Daniel C. Glenn
1938 Green Street
Maysville, KY 41056-8919
*Debtor*

Nancy Sue Glenn
1938 Green Street
Maysville, KY 41056-8919
*Debtor*

Respectfully Submitted,

*/s/ Robert D. Plumby*
Robert D. Plumby, Esq. (OH Sp Ct Reg. No. 0079646)
PHILLIPS, GARDILL, KAISER & ALTMEYER, PLLC
61 Fourteenth St., Wheeling, WV 26003
T: (304) 232-6810 - F: (304) 232-4918
Email: robertplumby@pgka.com
*Attorney for WesBanco Bank, Inc., successor by merger to Oak Hill Banks*

{P0064155.1}

**Doc ID -->**  200812000268

DATE: 04/29/2008  DOCUMENT ID 200812000268  DESCRIPTION MERGER/DOMESTIC (MER)  FILING 125.00  EXPED 100.00  PENALTY .00  CERT .00  COPY .00

### Receipt
This is not a bill. Please do not remit payment.

OHIO DIVISION OF FINANCIAL INSTITUTIONS
ANIKA PARK
77 SOUTH HIGH STREET, 21ST FLOOR
COLUMBUS, OH 43215

# STATE OF OHIO
## CERTIFICATE
### Ohio Secretary of State, Jennifer Brunner

1033248

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**WESBANCO BANK, INC.**

and, that said business records show the filing and recording of:

Document(s)                                          Document No(s):
**MERGER/DOMESTIC**                                   200812000268



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 25th day of April, A.D.
2008.

*Jennifer Brunner*

Ohio Secretary of State

EXHIBIT
A

**Doc ID -->** 200812000268

| DATE:<br>04/29/2008 | DOCUMENT ID<br>200812000268 | DESCRIPTION<br>MERGED OUT OF EXISTENCE (MEX) | FILING<br>.00 | EXPED<br>.00 | PENALTY<br>.00 | CERT<br>.00 | COPY<br>.00 |
|---|---|---|---|---|---|---|---|

**Receipt**
This is not a bill. Please do not remit payment.

OHIO DIVISION OF FINANCIAL INSTITUTIONS
ANIKA PARK
77 SOUTH HIGH STREET, 21ST FLOOR
COLUMBUS, OH 43215

---

# STATE OF OHIO
## CERTIFICATE
### Ohio Secretary of State, Jennifer Brunner

#### 1530103

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**OAK HILL BANKS**

and, that said business records show the filing and recording of:

Document(s)                                    Document No(s):
**MERGED OUT OF EXISTENCE**                    **200812000268**



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 25th day of April, A.D.
2008.

*Jennifer Brunner*

Ohio Secretary of State

---

Case: 0505k1555501 Doc: 6856-FiledF02d108101/1EnteEntede08d10381011560145951:12esDesain
200812000268 ExhibitExhibithstAW/ aBtacOmebts E Bade Page13 of 38

Doc ID -->



**Prescribed by:**

The Ohio Secretary of State
Central Ohio: (614) 466-3910
Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.sos.state.oh.us
e-mail: busserv@sos.state.oh.us

<table>
<tr><td colspan="2">**Expedite this Form:** (Select One)</td></tr>
<tr><td>◉ Yes</td><td>PO Box 1390<br>Columbus, OH 43216<br>*** Requires an additional fee of $100 ***</td></tr>
<tr><td>○ No</td><td>PO Box 1329<br>Columbus, OH 43216</td></tr>
</table>

## CERTIFICATE OF MERGER

(For Domestic or Foreign, Profit or Nonprofit)

Filing Fee $125.00

(164-MER)

In accordance with the requirements of Ohio law, the undersigned corporations, banks, savings banks, savings and loan, limited liability companies, limited partnerships and/or partnerships with limited liability, desiring to effect a merger, set forth the following facts:

### I. SURVIVING ENTITY

A. The name of the entity surviving the merger is:

Wesbanco Bank, Inc.

B. Name Change: As a result of this merger, the name of the surviving entity has been changed to the following:

_____

(Complete only if name of surviving entity is changing through the merger)

C. The surviving entity is a: (Please check the appropriate box and fill in the appropriate blanks

☐ Domestic (Ohio) For-Profit Corporation, charter number _____

☐ Domestic (Ohio) Nonprofit Corporation, charter number _____

☑ Foreign (Non-Ohio) Corporation incorporated under the laws of the state/country of    West Virginia
and licensed to transact business in the State of Ohio under license number    1033248

☐ Foreign (Non-Ohio) Corporation incorporated under the laws of the state/country of _____
and NOT licensed to transact business in the state of Ohio.

☐ Domestic (Ohio) Limited Liability Company, with registration number _____

☐ Foreign (Non-Ohio) Limited Liability Company organized under the laws of the state/country of _____
and registered to do business in the State of Ohio under registration number _____

☐ Foreign (Non-Ohio) Limited Liability Company organized under the laws of the state/country of _____
and NOT registered to do business in the State of Ohio.

☐ Domestic (Ohio) Limited Partnership, with registration number _____

☐ Foreign (Non-Ohio) Limited Partnership organized under the laws of the state/country of _____
and registered to do business in the state of Ohio under registration number _____

551               Page 1 of 7               Last Revision: May 2002

Case: 05-5501  Doc: 6356  Filed: 02/08/11  Entered: 02/08/11 00:45:12  Desc Main
Exhibit Exhibit A w/ Attachments E  Page 4 of 38

Doc ID --> 200812000268

☐ Foreign (Non-Ohio) Limited Partnership organized under the laws of the state/country of _____ and NOT registered to do business in the state of Ohio.

☐ Domestic (Ohio) Partnership having limited liability, with the registration number _____

☐ Foreign (Non-Ohio) Partnership having limited liability organized under the laws of the state/country of _____ and registered to do business in the state of Ohio under registration number _____

☐ Foreign (Non-Ohio) Partnership having limited liability organized under the laws of the state/country of _____ and NOT registered to do business in the state of Ohio.

☐ Foreign (Non-Ohio) Non-Profit incorporation under the laws of the state/country of _____ and licensed to transact business in the state of Ohio under license number _____

☐ Foreign (Non-Ohio) Non-Profit incorporation under the laws of the state/country of _____ and not licensed to transact business in the state of Ohio.

☐ General partnership not registered with the state of Ohio

## II. MERGING ENTITY
The name, charter/license/registration number, type of entity, state/country of incorporation or organization, respectively, of which is the entities merging out of existence are as follows(if this is insufficient space to reflect all merging entities, please attach a separate sheet listing the merging entities )

| Name  /  charter, license or registration number | State/Country of Organization | Type of Entity |
|---|---|---|
| Oak Hill Banks  1530103 | Ohio / USA | corporation |
| | | |
| | | |
| | | |

## III. MERGER AGREEMENT ON FILE
The name and mailing address of the person or entity from whom/which eligible persons may obtain a copy of the agreement of merger upon written request:

James C. Gardill
(name)

61-14th Street
(street)          NOTE: P.O. Box Addresses are NOT acceptable.

Wheeling
(city, village or township)

West Virginia
(state)

26003
(zip code)

## IV. EFFECTIVE DATE OF MERGER
This merger is to be effective on: __April 25, 2008__ (If a date is specified, the date must be a date on or after the date of filing; the effective date of the merger cannot be earlier than the date of filing, if no date is specified, the date of filing will be the effective date of the merger.)

## V. MERGER AUTHORIZED
The laws of the state or country under which each constituent entity exists, permits this merger.
This merger was adopted, approved and authorized by each of the constituent entities in compliance with the laws of the state under which it is organized, and the persons signing this certificate on behalf of each of the constituent entities are duly authorized to do so.

551

Last Revision: May 2002

Case: 05-5k1-55501  Doc: 556  Filed: 02/01/11  Entered: 02/01/11 15:14:59  Desc: Main
Exhibit Exhibit A w/ attachments Attachments E  Page 8 Page 15 of 38

Doc ID -->     200812000268

**VI. STATUTORY AGENT**
The name and address of the surviving entity's statutory agent upon whom any process, notice or demand may be served is:

<u>Gregory A. Dugan</u>          <u>135 West Main Street</u>
_(name)_                              _(street)  NOTE: P.O. Box Addresses are NOT acceptable._

<u>St. Clairsville</u>       , Ohio  <u>43950</u>
_(city, village or township)_                      _(zip code)_

_(This item MUST be completed if the surviving entity is a foreign entity which is not licensed, registered or otherwise authorized to conduct business in the state of Ohio)_

**VII. ACCEPTANCE OF AGENT**
The undersigned, named herein as the statutory agent for the above referenced surviving entity, hereby acknowledges and accepts the appointment of statutory agent for said entity.

Signature of Agent  _____

_(The acceptance of agent must be completed by the surviving entities if through this merger the statutory agent has changed, or the named agent differs in any way from the name currently on record with the Secretary of State.)_

**VIII. STATEMENT OF MERGER**
Upon filing, or upon such later date as specified herein, the merging entity/entities listed herein shall merge into the listed surviving entity

**IX. AMENDMENTS**
The articles of incorporation, articles of organization, certificate of limited partnership or registration of partnership having limited liability (circle appropriate term) of the surviving domestic entity have been amended.
☐ Attachments are provided    ☐ No Changes

**X. QUALIFICATION OR LICENSURE OF FOREIGN SURVIVING ENTITY**
A. The listed surviving foreign corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability desires to transact business in Ohio as a foreign corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability, and hereby appoints the following as its statutory agent upon whom process, notice or demand against the entity may be served in the state of Ohio.  The name and complete address of the statutory agent is:

_____          _____
_(name)_                              _(street)  NOTE: P.O. Box Addresses are NOT acceptable._

_____ , Ohio  _____
_(city, village or township)_                      _(zip code)_

The subject surviving foreign corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability irrevocably consents to service of process on the statutory agent listed above as long as the authority of the agent continues, and to service of process upon the Secretary of State of Ohio if the agent cannot be found, if the corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability fails to designate another agent when required to do so, or if the foreign corporation's, bank's, savings bank's, savings and loan's, limited liability company's, limited partnership's or partnership having limited liability's license or registration to do business on Ohio expires or is canceled.

Doc ID -->        200812000268

B. The qualifying entity also states as follows: (Complete only if applicable)
1. Foreign Notice Under Section 1703.031
   (If the qualifying entity is a foreign bank, savings bank, or savings and loan, then the following information must be completed.)

   (a.) The name of the Foreign Nationally/Federally chartered bank, savings bank, or savings and loan association is

   _____

   (b.) The name(s) of any Trade Name(s) under which the corporation will conduct business:

   _____
   _____
   _____

   (c.) The location of the main office (non-Ohio) shall be:

   _____
   (street address)                        NOTE: P.O. Box Addresses are NOT acceptable.

   _____  _____  _____  _____
   (city, township, or village)   (county)    (state)     (zip code)

   (d.) The principal office location in the state of Ohio shall be:

   _____
   (street address)                        NOTE: P.O. Box Addresses are NOT acceptable.

                                                        Ohio
   _____  _____  _____  _____
   (city, township, or village)   (county)    (state)     (zip code)

   (Please note, if there will not be an office in the state of Ohio, please list none.)

   (e.) The corporation will exercise the following purpose(s) in the state of Ohio:
        (Please provide a brief summary of the business to be conducted; a general clause is not sufficient)

   _____
   _____
   _____

2. Foreign Qualifying Limited Liability Company
   (If the qualifying entity is a foreign limited liability company, the following information must be completed.)

   (a.) The name of the limited liability company in its state of organization/registration is

   _____

   (b.) The name under which the limited liability company desires to transact business in Ohio is

   _____

   (c.) The limited liability company was organized or registered on   _____
        under the laws of the state/country of _____

Case 1:05-kl-15501 Doc 6356 Filed 08/08/11 Entered 08/08/11 15:14:59 Desc main
Exhibit Exhibits A/ aBack ments ERage 1 Page 41 of 38

Doc ID -->          200812000268

(d.) The address to which interested persons may direct requests for copies of the articles of organization, operating agreement, bylaws, or other charter documents of the company is:

_____          _____
(street address)                          NOTE: P.O. Box Addresses are NOT acceptable.

_____          _____      _____      _____
(city, township, or village)              (state)           (zip code)

**3. Foreign Qualifying Limited Partnership**
(If the qualifying entity is a foreign limited partnership, the following information must be completed).

(a.) The name of the limited partnership is

_____

(b.) The limited partnership was formed on _____

(c.) The address of the office of the limited partnership in its state/country of organization is:

_____          _____
(street address)                          NOTE: P.O. Box Addresses are NOT acceptable.

_____          _____      _____      _____
(city, township, or village)              (county)           (state)        (zip code)

(d.) The limited partnership's principal office address is:

_____          _____
(street address)                          NOTE: P.O. Box Addresses are NOT acceptable.

_____          _____      _____      _____
(city, township, or village)              (county)           (state)        (zip code)

(e.) The names and business or residence addresses of the General partners of the partnership are as follows:

Name                          Address

_____        _____

_____        _____

_____        _____

(If insufficient space to cover this item, please attach a separate sheet listing the general partners and their respective addresses)

(f.) The address of the office where a list of the names and business or residence addresses of the limited partners and their respective capital contributions is to be maintained is:

_____          _____
(street address)                          NOTE: P.O. Box Addresses are NOT acceptable.

_____          _____      _____      _____
(city, township, or village)              (county)           (state)        (zip code)

Doc ID -->
200812000268

The limited partnership hereby certifies that it shall maintain said records until the registration of the limited partnership in Ohio is canceled or withdrawn.

4. **Foreign Qualifying Partnership Having Limited Liability**

(a.) The name of the partnership shall be

(b.) Please complete the following appropriate section (either item b(i) or b(2)):

    (1.) The address of the partnership's principal office in Ohio is:

_____                              
(street address)                         *NOTE: P.O. Box Addresses are NOT acceptable.*

_____, Ohio   _____
(city, village or township)                              (zip code)

*(If the partnership does not have a principal office in Ohio, then items b2 must be completed)*

    (2.) The address of the partnership's principal office (Non-Ohio):

_____
(street address)                         *NOTE: P.O. Box Addresses are NOT acceptable.*

_____   _____   _____
(city, township, or village)                      (state)         (zip code)

(c.) The name and address of a statutory agent for service of process in Ohio is as follows:

_____
(name)

_____
(street address)                         *NOTE: P.O. Box Addresses are NOT acceptable.*

_____, Ohio   _____
(city, village or township)                               (zip code)

(d.) Please indicate the state or jurisdiction in which the Foreign Limited Liability Partnership has been formed

(e.) The business which the partnership engages in is:

The undersigned constituent entities have caused this certificate of merger to be signed by its duly authorized officers, partners and representatives on the date(s) stated below.

Oak Hill Banks
(Exact name of entity)

By: _____

Its: President

Date: 4-21-2008

Wesbanco Bank, Inc.
(Exact name of entity)

By: _____

Its: President

Date: 4-22-2008

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

_____
(Exact name of entity)

By: _____

Its: _____

Date: _____

Case: 05-15501 Doc 6356 Filed 08/01/11 Entered 08/01/11 00:45:12 Desc main
Exhibit Exhibit A w/ attachments E Page 41 of 38

**Doc ID -->** 200812000268

Complete the information in this section if box (1), (2) or (3) is checked.

**AFFIDAVIT**

In lieu of dissolution releases from various governmental authorities (1701.86(H)(6) ORC)

## Oak Hill Banks

(Exact Name of Corporation)

The undersigned, being first duly sworn, declares that on the dates indicated below, each of the named state governmental agencies was advised IN WRITING of the scheduled date of filing of the Certificate of Dissolution and was advised IN WRITING of the acknowledgement by the corporation of the applicability of the provisions of Section 1701.95 of the ORC.

| AGENCY | DATE NOTIFIED |
|---|---|
| Ohio Department of Taxation<br>Dissolution Section<br>Box 182382<br>Columbus, Ohio 43218-2382 | April 17, 2008 |
| Ohio Job & Family Services<br>Status and Liability Section<br>Data Correspondence Control<br>Overnight: 4020 East 5th Avenue<br>Columbus, OH 43219-1811<br>Regular: P.O. Box 182413<br>Columbus, OH 43218-2413<br>Fax: 614-752-4811<br>Phone: 614-466-2319 | April 17, 2008 |

The treasurer of any County named below:

| | |
|---|---|
| B. Lee Hubbard | April 17, 2008 |
| Jackson County | April 17, 2008 |
| | |
| Ohio Bureau of Workers' Compensation<br>30 W. Spring Street<br>Columbus, Ohio 43215 | April 17, 2008 |

( Note: This affidavit must be signed by one or more persons executing the certificate of dissolution or by an officer of the corporation.)

By: _Ralph E Coffman_     Title: President

Name: Ralph E. Coffman, Jr.

14621 State Route 93

(Street)     NOTE: P.O. Box Addresses are NOT acceptable.

Jackson     Ohio     45640

(City)     (State)     (Zip Code)

Sworn before me and subscribed in my presence on 4/21/08

(Date)

**GAIL S. WILSON**
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires April 28, 2012

(Notary Seal)

_(signature)_

(Notary Public)

Commission Expires 4/28/2012

(Date)

Complete the information in this section if box (1), (2) or (3) is checked.

STATE OF OHIO

County of Jackson :SS

Ralph E. Coffman, Jr. , being first duly sworn, deposes and says that she/he is

President of Oak Hill Banks
(Title)

that this affidavit is made in compliance with section 1701.79 of the ORC:
(Section 8)

That said corporation has (Check one of the following)

☐ A. has no personal property in any county in the State of Ohio:

☒ B. personal property only in the following county(ies) Athens, Brown, Butler, Fairfield, Franklin, Gallia, Hamilton, Hocking, Lawrence, Montgomery, Pickaway, Ross, Scioto, Vinton & Warren Counties

and that the net assets of said corporation are sufficient to pay all personal property taxes accrued to date.

Signature: _Ralph E Coffman_

Name: Ralph E. Coffman, Jr.

Sworn before me and subscribed in my presence on 4/21/08
(Date)

_Gail S. Wilson_
(Notary Public)

GAIL S. WILSON
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires April 28, 2012

(Notary Seal)

Commission Expires 4/28/2012
(Date)

Case 1:05-bk-55501 Doc 856 Filed 02/08/11 Entered 02/08/11 15:14:55 Desc Main
Exhibit Exhibit A w/ attachments E Page 12 of 38

**Doc ID -->**     200812000268

## ADDENDUM TO AFFIDAVIT WITH DISSOLUTION OF OAK HILL BANKS AND ITS MERGER WITH AND INTO WESBANCO BANK, INC.

### AFFIDAVIT

In lieu of dissolution releases from various governmental authorities (ORC § 1701.86(H)(6)), the undersigned Ralph E. Coffman, Jr., President of **OAK HILL BANKS**, being first duly sworn, declares that on the dates indicated below, each of the named county treasurers were advised IN WRITING of the scheduled date of filing of the Certificate of Merger in which **OAK HILL BANKS** will merge out of existence, and was advised IN WRITING of the acknowledgment by the corporation of the applicability of the provisions of Section 1701.95 of the Ohio Revised Code.

<u>DATE NOTIFIED</u>

Javon Kittle Cooper
Athens County Treasurer                        April 22, 2008
15 S Court St Rm 334
Athens, Ohio 45701

Gail DeClaire
Brown County Treasurer                        April 22, 2008
800 Mt. Orab Pike, Suite 171
Georgetown, Ohio 45121

Nancy Nix, CPA
Butler County Treasurer                        April 22, 2008
Government Services Bldg.
315 High Street, 10th Floor
Hamilton, Ohio 45011

John A. Slater, Jr.
Fairfield County Treasurer                     April 22, 2008
210 East Main St., Room 206
Lancaster, Ohio 43130

Edward Leonard
Franklin County Treasurer                      April 22, 2008
373 S. High Street, 17th Floor
Columbus, Ohio 43215-6306

OAK HILL BANKS

By: _____
Ralph E. Coffman, Jr., President
14621 State Route 93
Jackson, Ohio 45640

Sworn to before me and subscribed in my presence by Ralph E. Coffman, Jr., President of Oak Hill Banks, this 22nd day of April 2008.

**GAIL S. WILSON**
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires April 28, 2012

_____
Notary Public
My Commission Expires: 4/28/2012

1

## ADDENDUM TO AFFIDAVIT WITH DISSOLUTION OF OAK HILL BANKS AND ITS MERGER WITH AND INTO WESBANCO BANK, INC.

### AFFIDAVIT

In lieu of dissolution releases from various governmental authorities (ORC § 1701.86(H)(6)), the undersigned Ralph E. Coffman, Jr., President of **OAK HILL BANKS**, being first duly sworn, declares that on the dates indicated below, each of the named county treasurers were advised IN WRITING of the scheduled date of filing of the Certificate of Merger in which **OAK HILL BANKS** will merge out of existence, and was advised IN WRITING of the acknowledgment by the corporation of the applicability of the provisions of Section 1701.95 of the Ohio Revised Code.

DATE NOTIFIED

| | |
|---|---|
| Steve McGhee<br>Gallia County Treasurer<br>Court House<br>18 Locust Street<br>Gallipolis, OH 45631-1291 | April 22, 2008 |
| Robert A. Goering<br>Hamilton County Treasurer<br>County Admin. Bldg., 138 E. Court St., Rm 408<br>Cincinnati, Ohio 45202 | April 22, 2008 |
| Diane Sargent<br>Hocking County Treasurer<br>Court House<br>1 E. Main Street<br>P. O. Box 28<br>Logan, OH 43138 | April 22, 2008 |
| Stephen D. Burcham, CPA<br>Lawrence County Treasurer<br>Court House – Veterans Square<br>111 South Fourth Street<br>Ironton, OH 45638 | April 22, 2008 |
| Carolyn Rice<br>Montgomery County Treasurer<br>451 W. Third Street<br>Dayton, OH 45422 | April 22, 2008 |



**GAIL S. WILSON**
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires April 26, 2012

OAK HILL BANKS

By: _Ralph E Coffman_
Ralph E. Coffman, Jr., President
14621 State Route 93
Jackson, Ohio 45640

Sworn to before me and subscribed in my presence by Ralph E. Coffman, Jr., President of Oak Hill Banks, this 22nd day of April 2008.

_Gail S. Wilson_
Notary Public
My Commission Expires: 4/25/2012

2

Case 2:05-bk-55601 Doc 656 Filed 08/01/11 Entered 08/01/11 00:14:55 Desc Main
Exhibit Exhibit A w/ attachments E Page Page 14 of 38

Doc ID --> 200812000268

**ADDENDUM TO AFFIDAVIT WITH DISSOLUTION OF OAK HILL BANKS AND ITS
MERGER WITH AND INTO WESBANCO BANK, INC.**

**AFFIDAVIT**

In lieu of dissolution releases from various governmental authorities (ORC § 1701.86(H)(6)), the undersigned Ralph E. Coffman, Jr., President of **OAK HILL BANKS**, being first duly sworn, declares that on the dates indicated below, each of the named county treasurers were advised IN WRITING of the scheduled date of filing of the Certificate of Merger in which **OAK HILL BANKS** will merge out of existence, and was advised IN WRITING of the acknowledgment by the corporation of the applicability of the provisions of Section 1701.95 of the Ohio Revised Code.

| | |
|---|---|
| Ellery S. Elick<br>Pickaway County Treasurer<br>207 South Court Street<br>Room 2<br>Circleville, OH 43113 | April 22, 2008 |
| Jerald A. Byers<br>Ross County Treasurer<br>Ross County Courthouse<br>2 N. Paint Street, Suite F.<br>Chillicothe, OH 45601 | April 22, 2008 |
| William Ogg<br>Scioto County Treasurer<br>Court House Room 102<br>602 Seventh Street<br>Portsmouth, OH 45662 | April 22, 2008 |
| Larry E. Clary<br>Vinton County Treasurer<br>100 E. Main Street<br>McArthur, OH 45651 | April 22, 2008 |
| James Aumann<br>Warren County Treasurer<br>County Administrative Building<br>406 Justice Drive/<br>Lebanon, OH 45036 | April 22, 2008 |

OAK HILL BANKS

By: _Ralph E Coffman_
Ralph E. Coffman, Jr., President
14621 State Route 93
Jackson, Ohio 45640

Sworn to before me and subscribed in my presence by Ralph E. Coffman, Jr., President of Oak Hill Banks, this 22nd day of April 2008.

_Gail S. Wilson_
Notary Public
My Commission Expires: 4/28/2012

**GAIL S. WILSON**
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires April 28, 2012

3

Case: 05-55501  Doc: 856-6  Filed: 08/01/11  Entered: 08/01/11 15:14:45  Desc:
Exhibit Exhibit A w/ attachments E  Page 15 of 38

**Doc ID -->**     200812000268

# STATE OF OHIO
# DEPARTMENT OF COMMERCE
# DIVISION OF FINANCIAL INSTITUTIONS

TO WHOM IT MAY CONCERN:

THIS IS TO CERTIFY THAT, the merger of Oak Hill Banks, Jackson, Ohio with and into Wesbanco Bank, Inc., Wheeling, West Virginia, as reflected in the attached certificate of merger, is in accordance with applicable law.

IN WITNESS WHEREOF, we have hereunto set our hands this 25th day of April, 2008.

Robert E. True
Deputy Superintendent for Banks


John B. Reardon
Superintendent of Financial Institutions

# PROOF OF CLAIM

| Southern | District of | Ohio |
|---|---|---|

| Name of Debtor<br>Daniel C. Glenn & Nancy Sue Glenn | Case Number<br>05-15501 |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Oak Hill Banks<br><br>Name and Address where notices should be sent:<br><br>Oak Hill Banks<br>Attn: Special Collections Unit<br>P.O. Box 7<br>Ripley, Ohio 45167<br><br>Telephone Number: (937) 392-4349 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Last four digits of account or other number by which creditor identifies debtor: ███5208 | Check here if this claim ☐ replaces<br>☑ amends a previously filed claim, dated: 11/21/2006 |
|---|---|

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☑ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS your #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>          (date)          (date) |
|---|---|

| 2. Date debt was incurred: June 27, 2002 | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ 30,896.74
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other_____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: | $ 30,896.74 | | | 30,896.74 | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) | |

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

EXHIBIT
B

| Date<br>6-5-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>/s/ Donald A. Cox #0024788 Attorney for Oak Hill Banks |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



COPY

**EXHIBIT 1**

| | |
|---|---|
| NANCY S GLENN AKA NANCY SUE GLENN | Oak Hill Banks |
| 9347 STATE ROUTE 125 | 924 Gallia St |
| PORTSMOUTH OH 45663 | Portsmouth, OH 45662 |

Loan Number _____ 5208
Date _____ 06/27/02
Maturity Date _____ 06/27/17
Loan Amount $ _____ 400,000.00
Renewal Of _____

**BORROWER'S NAME AND ADDRESS**
"I" includes each borrower above, jointly and severally.

**LENDER'S NAME AND ADDRESS**
"You" means the lender, its successors and assigns.

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of
Four hundred thousand & no/100 _____ Dollars $ 400,000.00

☒ **Single Advance:** I will receive all of this principal sum on 06/27/02 . No additional advances are contemplated under this note.

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
I will receive the amount of $ _____ and future principal advances are contemplated.
Conditions: The conditions for future advances are _____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to
all other conditions and expires on _____

☒ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from 06/27/02 at the rate of 7.2500 % per year
until the first scheduled rate change - 06/27/07

☒ **Variable Rate:** This rate may then change as stated below.
☒ **Index Rate:** The future rate will be 3.250% Above the following index rate:
Monthly Average Yield on U.S. Treasury Securities Adjusted to a
Constant Maturity of Five (5) Years.
☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
☒ **Frequency and Timing:** The rate on this note may change as often as Every 60 Months
A change in the interest rate will take effect On Your Scheduled Rate Change Date If The Index Changes
☒ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than 12.2500 % or less than
7.0000 %. The rate may not change more than 2.0000 % each 60 Months
**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
☐ The amount of each scheduled payment will change. ☒ The amount of the final payment will change.
☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a Amortized/360 basis.
**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
☐ at a rate equal to _____

☒ **LATE CHARGE:** If a payment is made more than 10 days after it is due, I agree to pay a late charge of _____
1.50% of the past due payment amount subject to minimum of $120.00 .

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☒ are not included in the principal amount
above: SEE DISBURSEMENT AUTHORIZATION

**PAYMENTS:** I agree to pay this note as follows:
☐ **Interest:** I agree to pay accrued interest _____

☐ **Principal:** I agree to pay the principal _____

☒ **Installments:** I agree to pay this note in 180 payments. The first payment will be in the amount of $ 3,651.45
and will be due JULY 27, 2002 . A payment of $ 3,651.45 will be due
Monthly thereafter. The final payment of the entire
unpaid balance of principal and interest will be due JUNE 27, 2017 .

**ADDITIONAL TERMS:** ANNUAL FEDERAL IRS TAX RETURNS ON THE BORROWER AND IF APPLICABLE ALL
GUARANTOR(S) ARE DUE WITHIN 60 DAYS OF FILING.
ANNUAL FINANCIAL STATEMENTS ON THE BORROWER AND IF APPLICABLE ALL
GUARANTOR(S) ARE DUE WITHIN 90 DAYS OF YEAR END.

| | |
|---|---|
| ☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):<br><br>MORTGAGE DEED DATED 6/27/02<br><br>(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)<br><br>**PURPOSE:** The purpose of this loan is<br>BUSINESS: CONSTRUCT SHOWROOM/WAREHOUSE | **SIGNATURES:** I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2). I have received a copy on today's date.<br><br>**IN THIS NOTICE "YOU" MEANS THE BORROWER.**<br><br>**WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.** |

Signature for Lender

_Daniel E Mooney_ Comm. Pres.
DANIEL E MOONEY
COMMERCIAL LENDER

_Daniel C Glenn_
DANIEL C GLENN
_Nancy G Glenn_
NANCY G GLENN AKA NANCY SUE GLENN

UNIVERSAL NOTE
©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN-OH 5/24/99

*(page 1 of 2)*

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|
| Southern District of Ohio | | |

| Name of Debtor<br>Daniel C. Glenn & Nancy Sue Glenn | Case Number<br>05-15501 |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Oak Hill Banks | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and Address where notices should be sent:<br><br>Oak Hill Banks<br>Attn: Special Collections Unit<br>P.O. Box 7<br>Ripley, Ohio 45167<br><br>Telephone Number: (937) 392-4349 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |

| Last four digits of account or other number by which creditor identifies debtor: ▩208 | Check here if ☐ replaces<br>this claim ☑ amends a previously filed claim, dated: 11/21/2006 |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☑ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
- ☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS your #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date) (date)

**2. Date debt was incurred:** June 27, 2002

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ 383,293.26
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate   ☐ Motor Vehicle   ☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ 383,293.26 _____ _____ 383,293.26
(unsecured)   (secured)   (priority)   (Total)

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>**EXHIBIT**<br>C |
|---|---|

| Date<br>6-5-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>/s/ Donald A. Cox #0024788 Attorney for Oak Hill Banks |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



928 16TH STREET
P O BOX 179
PORTSMOUTH OH  45662

Oak Hill Banks
924 Gallia St
Portsmouth, OH 45662

| | |
|---|---|
| Loan Number | 2208 |
| Date | 06/27/02 |
| Maturity Date | 06/27/03 |
| Loan Amount $ | 400,000.00 |
| Renewal Of | |

**BORROWER'S NAME AND ADDRESS**
"I" includes each borrower above, jointly and severally.

**LENDER'S NAME AND ADDRESS**
"You" means the lender, its successors and assigns.

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of ____
Four hundred thousand & no/100 _____ Dollars $ 400,000.00

☐ **Single Advance:** I will receive all of this principal sum on _____. No additional advances are contemplated under this note.

☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $ .00 _____ and future principal advances are contemplated.
**Conditions:** The conditions for future advances are _____
AT THE REQUEST OF THE BORROWER _____

☒ **Open End Credit:** You and I agree that I may borrow up to the maximum principal sum more than one time. This feature is subject to all
other conditions and expires on ____ JUNE 27, 2003 _____.

☐ **Closed End Credit:** You and I agree that I may borrow (subject to all other conditions) up to the maximum principal sum only one time.

**INTEREST:** I agree to pay interest on the outstanding principal balance from ____ 06/27/02 _____ at the rate of ____ 5.7500 _____ % per year
until __ the index rate changes _____.

☒ **Variable Rate:** This rate may then change as stated below.
  ☒ **Index Rate:** The future rate will be ____ 1.000% Above _____ the following index rate: _____
      Prime Rate as Published in the Money Section of the Wall Street
      Journal _____
  ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
  ☒ **Frequency and Timing:** The rate on this note may change as often as ____ Daily _____.
      A change in the interest rate will take effect __ The Same Day The Index Changes _____.
  ☒ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than ____ N/A _____ % or less than
      ____ 5.7500 _____ %. The rate may not change more than ____ N/A _____ % each ____ N/A _____.
  **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
  ☒ The amount of each scheduled payment will change.      ☒ The amount of the final payment will change.
  ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a ____ Actual/360 _____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
  ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
  ☐ at a rate equal to _____

☒ **LATE CHARGE:** If a payment is made more than ____ 10 _____ days after it is due, I agree to pay a late charge of _____
   6.00% of the past due payment amount subject to minimum of $25.00.

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☒ are not included in the principal amount
   above: ___ SEE DISBURSEMENT AUTHORIZATION _____

**PAYMENTS:** I agree to pay this note as follows:
☒ **Interest:** I agree to pay accrued interest ____ Monthly Beginning - JULY 27, 2002 _____

☒ **Principal:** I agree to pay the principal ____ At Maturity - JUNE 27, 2003 _____

☐ **Installments:** I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____
   and will be due _____. A payment of $ _____ will be due _____
   _____ thereafter. The final payment of the entire
   unpaid balance of principal and interest will be due _____

**PURPOSE:** The purpose of this loan is ____ BUSINESS: WORKING CAPITAL _____

**ADDITIONAL TERMS:**
      ANNUAL FEDERAL IRS TAX RETURNS ON THE BORROWER AND IF APPLICABLE ALL
      GUARANTOR(S) ARE DUE WITHIN 60 DAYS OF FILING.
      ANNUAL FINANCIAL STATEMENTS ON BORROWER AND IF APPLICABLE ALL
      GUARANTOR(S) ARE DUE WITHIN 90 DAYS OF YEAR END.

**COPY**

UNIVERSAL NOTE AND SECURITY AGREEMENT                                    *(page 1 of 3)*

Experts ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN  Form UNS-LAZ-OH  2/9/2001

those parties named on this written list, I authorize you to notify at your sole discretion any additional parties regarding your security interest in my farm products. I remain subject to all applicable penalties for selling my farm products in violation of my agreement with you and the Food Security Act. In this paragraph the terms farm products, buyers, commission merchants and selling agents have the meanings given to them in the Federal Food Security Act of 1985.

If this agreement covers a motor vehicle, I represent that it is not a vehicle seized pursuant to any federal, state or local forfeiture law.

If this agreement covers chattel paper or instruments, either as original collateral or proceeds of the Property, I will note your interest on the face of the chattel paper or instruments.

REMEDIES - I will be in default on this security agreement if I am in default on any note this agreement secures or if I fail to keep any promise contained in the terms of this agreement. If I default, you have all of the rights and remedies provided in the note and under the Uniform Commercial Code. You may require me to make the secured property available to you at a place which is reasonably convenient. You may take possession of the secured property and sell it as procuded by law. The proceeds will be applied first to your expenses and then to the debt. I agree that 10 days written notice sent to my last known address by first class mail will be reasonable notice under the Uniform Commercial Code. My current address is on page 1.

PERFECTION OF SECURITY INTEREST - I authorize you to file a financing statement covering the Property. I will comply with, facilitate, and otherwise assist you in connection with obtaining possession of or control over the Property for purposes of perfecting your security interest under the Uniform Commercial Code.

## ADDITIONAL TERMS OF THE NOTE

DEFINITIONS - As used on pages 1 and 2, "☒" means the terms that apply to this loan. "I," "me" or "my" means each borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

APPLICABLE LAW - The law of the state of Ohio will govern this agreement. Any term of this agreement which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation. If any provision of this agreement cannot be enforced according to its terms, this fact will not affect the enforceability of the remainder of this agreement. No modification of this agreement may be made without your express written consent. Time is of the essence in this agreement.

PAYMENTS - Each payment I make on this note will first reduce the amount I owe you for charges which are neither interest nor principal. The remainder of each payment will then reduce accrued unpaid interest, and then unpaid principal. If you and I agree to a different application of payments, we will describe our agreement on this note. I may prepay a part of, or the entire balance of this loan without penalty, unless we specify to the contrary on this note. Any partial prepayment will not excuse or reduce any later scheduled payment until this note is paid in full (unless, when I make the prepayment, you and I agree in writing to the contrary).

INTEREST - Interest accrues on the principal remaining unpaid from time to time, until paid in full. If I receive the principal in more than one advance, each advance will start to earn interest only when I receive the advance. The interest rate in effect on this note at any given time will apply to the entire principal sum outstanding at that time. Notwithstanding anything to the contrary, I do not agree to pay and you do not intend to charge any rate of interest that is higher than the maximum rate of interest you could charge under applicable law for the extension of credit that is agreed to in this note (either before or after maturity). If any notice of interest accrual is sent and is in error, we mutually agree to correct it, and if you actually collect more interest than allowed by law and this agreement, you agree to refund it to me.

INDEX RATE - The index will serve only as a device for setting the interest rate on this note. You do not guarantee by selecting this index, or the margin, that the interest rate on this note will be the same rate you charge on any other loans or class of loans you make to me or other borrowers.

POST MATURITY RATE - For purposes of deciding when the "Post Maturity Rate" (shown on page 1) applies, the term "maturity" means the date of the last scheduled payment indicated on page 1 of this note or the date you accelerate payment on the note, whichever is earlier.

SINGLE ADVANCE LOANS - If this is a single advance loan, you and I expect that you will make only one advance of principal. However, you may add other amounts to the principal if you make any payments described in the "PAYMENTS BY LENDER" paragraph on page 2.

MULTIPLE ADVANCE LOANS - If this is a multiple advance loan, you and I expect that you will make more than one advance of principal. If this is closed end credit, repaying a part of the principal will not entitle me to additional credit.

SET-OFF - I agree that you may set off any amount due and payable under this note against any right I have to receive money from you.
"Right to receive money from you" means:
(1) any deposit account balance I have with you;
(2) any money owed to me on an item presented to you or in your possession for collection or exchange; and
(3) any repurchase agreement or other nondeposit obligation.
"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights are only as a representative. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right to set-off.

DEFAULT - I will be in default if any one or more of the following occur: (1) I fail to make a payment on time or in the amount due; (2) I fail to keep the Property insured, if required; (3) I fail to pay, or keep any promise, on any debt or agreement I have with you; (4) any other creditor of mine attempts to collect any debt I owe him through court proceedings; (5) I die, am declared incompetent, make an assignment for the benefit of creditors, or become insolvent (either because my liabilities exceed my assets or I am unable to pay my debts as they become due); (6) I make any written statement or provide any financial information that is untrue or inaccurate at the time it was provided; (7) I do or fail to do something which causes you to believe you will have difficulty collecting the amount I owe you; (8) any collateral securing this note is used in a manner or for a purpose which threatens confiscation by a legal authority; (9) I change my name or assume an additional name without first notifying you before making such a change; (10) I fail to plant, cultivate and harvest crops in due season if I am a producer of crops; (11) any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

REMEDIES - If I am in default on this note you have, but are not limited to, the following remedies:
(1) You may demand immediate payment of all I owe you under this note (principal, accrued interest and other accrued unpaid charges).
(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "Set-Off" paragraph herein.
(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
(4) You may refuse to make advances to me or allow purchases on credit by me.
(5) You may use any remedy you have under state or federal law.
(6) You may make use of any remedy given to you in any agreement securing this note.

By selecting any one or more of these remedies you do not give up your right to use later any other remedy. By waiving your right to declare an event to be a default, you do not waive your right to consider later the event a default if it continues or happens again.

COLLECTION COSTS AND ATTORNEY'S FEES - I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law). To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

WAIVER - I give up my rights to require you to do certain things. I will not require you to:
(1) demand payment of amounts due (presentment);
(2) obtain official certification of nonpayment (protest); or
(3) give notice that amounts due have not been paid (notice of dishonor).
I waive any defenses I have based on suretyship or impairment of collateral.

OBLIGATIONS INDEPENDENT - I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me alone, or anyone else who is obligated on this note, or any number of us together, to collect this note. You may without notice release any party to this agreement without releasing any other party. If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay it. (Of course, you are entitled to only one payment in full.) I agree that you may at your option extend this note or the debt represented by this note, or any portion of the note or debt, from time to time without limit or notice and for any term without affecting my liability for payment of the note. I will not assign my obligation under this agreement without your prior written approval.

FINANCIAL INFORMATION - I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

CONFESSION OF JUDGMENT - In addition to your remedies listed herein, I authorize any attorney, in the event of my default, to appear in any court of record having jurisdiction over this matter and to confess judgment. The confession of judgment may be without process, against me, in favor of you, for any unpaid principal, accrued interest and accrued charges due on this agreement, together with collection costs including reasonable attorney's fees.

SIGNATURES: I AGREE TO THE TERMS OF THIS AGREEMENT (INCLUDING THOSE ON PAGES 1 AND 2). I have received a copy on today's date.

IN THIS NOTICE "YOU" MEANS THE BORROWER

**WARNING - BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.**

GLENNCO SYSTEMS, INC.

_____
DANIEL C. GLENN, PRESIDENT

_____
NANCY S. GLENN, SECRETARY/TREASURER

SIGNATURE FOR LENDER:

_____
DANIEL E. MOONEY,
COMMERCIAL LENDER

Experi ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UNS-LAZ-OH 2/9/2001

(page 3 of 3)

**GUARANTY**

Oak Hill Banks
924 Gallia St
Portsmouth, OH 45662

COPY

Portsmouth                    Ohio
(City)                        (State)

JUNE 27, 2002

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to induce ____Oak Hill Banks____

(herein, with its participants, successors and assigns, called "Lender"), at its option, at any time or from time to time to make loans or extend other accommodations to or for the account of ____

____GLENNCO SYSTEMS, INC.____

(herein called "Borrower") or to engage in any other transactions with Borrower, the Undersigned hereby absolutely and unconditionally guarantees to Lender the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of the debts, liabilities and obligations described as follows:

   A. If this ☐ is checked, the Undersigned guarantees to Lender the payment and performance of the debt, liability or obligation of Borrower to Lender evidenced by or arising out of the following:

   _____ and any extensions, renewals or replacements thereof (hereinafter referred to as the "Indebtedness").

   B. If this ☒ is checked, the Undersigned guarantees to Lender the payment and performance of each and every debt, liability and obligation of every type and description which Borrower may now or at any time hereafter owe to Lender (whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several, or joint and several; all such debts, liabilities and obligations being hereinafter collectively referred to as the "Indebtedness"). Without limitation, this guaranty includes the following described debt(s): ____All Present and Future Debts Of The Above Listed Borrower To Oak Hill Banks____ .

The term "Indebtedness" as used in this guaranty shall not include any obligations entered into between Borrower and Lender after the date hereof (including any extensions, renewals or replacements of such obligations) for which Borrower meets the Lender's standard of creditworthiness based on Borrower's own assets and income without the addition of a guaranty, or for which a guaranty is required but Borrower chooses someone other than the joint Undersigned to guaranty the obligation.

The Undersigned further acknowledges and agrees with Lender that:

   1. No act or thing need occur to establish the liability of the Undersigned hereunder, and no act or thing, except full payment and discharge of all indebtedness, shall in any way exonerate the Undersigned or modify, reduce, limit or release the liability of the Undersigned hereunder.

   2. This is an absolute, unconditional and continuing guaranty of payment of the Indebtedness and shall continue to be in force and be binding upon the Undersigned, whether or not all Indebtedness is paid in full, until this guaranty is revoked by written notice actually received by the Lender, and such revocation shall not be effective as to Indebtedness existing or committed for at the time of actual receipt of such notice by the Lender, or as to any renewals, extensions and refinancings thereof. If there be more than one Undersigned, such revocation shall be effective only as to the one so revoking. The death or incompetence of the Undersigned shall not revoke this guaranty, except upon actual receipt of written notice thereof by Lender and then only as to the decedent or the incompetent and only prospectively, as to future transactions, as herein set forth.

   3. If the Undersigned shall be dissolved, shall die, or shall be or become insolvent (however defined) or revoke this guaranty, then the Lender shall have the right to declare immediately due and payable, and the Undersigned will forthwith pay to the Lender, the full amount of all Indebtedness, whether due and payable or unmatured. If the Undersigned voluntarily commences or there is commenced involuntarily against the Undersigned a case under the United States Bankruptcy Code, the full amount of all Indebtedness, whether due and payable or unmatured, shall be immediately due and payable without demand or notice thereof.

   4. The liability of the Undersigned hereunder shall be limited to a principal amount of $ ____UNLIMITED____

(if unlimited or if no amount is stated, the Undersigned shall be liable for all Indebtedness, without any limitation as to amount), plus accrued interest thereon and all attorneys' fees, collection costs and enforcement expenses referable thereto. Indebtedness may be created and continued in any amount, whether or not in excess of such principal amount, without affecting or impairing the liability of the Undersigned hereunder. The Lender may apply any sums received by or available to Lender on account of the Indebtedness from Borrower or any other person (except the Undersigned), from their properties, out of any collateral security or from any other source to payment of the excess. Such application of receipts shall not reduce, affect or impair the liability of the Undersigned hereunder. If the liability of the Undersigned is limited to a stated amount pursuant to this paragraph 4, any payment made by the Undersigned under this guaranty shall be effective to reduce or discharge such liability only if accompanied by a written transmittal document, received by the Lender, advising the Lender that such payment is made under this guaranty for such purpose.

   5. The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceedings.

This guaranty includes the additional provisions on page 2, all of which are made a part hereof.

   This guaranty is ☒ unsecured; ☐ secured by a mortgage or security agreement dated _____ ;
☐ secured by ____

   IN WITNESS WHEREOF, this guaranty has been duly executed by the Undersigned the day and year first above written.

_Nancy S. Glenn_
NANCY S. GLENN

"Undersigned" shall refer to all persons who sign this guaranty, severally and jointly.

BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 (1-800-397-2341) FORM M-240  5/20/91 (For Corporate Guarantor use M-250)                    *(page 1 of 2)*



6. Whether or not any existing relationship between the Undersigned and Borrower has been changed or ended and whether or not this guaranty has been revoked, Lender may, but shall not be obligated to, enter into transactions resulting in the creation or continuance of Indebtedness, without any consent or approval by the Undersigned and without any notice to the Undersigned. The liability of the Undersigned shall not be affected or impaired by any of the following acts or things (which Lender is expressly authorized to do, omit or suffer from time to time, both before and after revocation of this guaranty, without notice to or approval by the Undersigned): (i) any acceptance of collateral security, guarantors, accommodation parties or sureties for any or all Indebtedness; (ii) any one or more extensions or renewals of Indebtedness (whether or not for longer than the original period) or any modification of the interest rates, maturities or other contractual terms applicable to any Indebtedness; (iii) any waiver, adjustment, forbearance, compromise or indulgence granted to Borrower, any delay or lack of diligence in the enforcement of Indebtedness, or any failure to institute proceedings, file a claim, give any required notices or otherwise protect any Indebtedness; (iv) any full or partial release of, settlement with, or agreement not to sue, Borrower or any other guarantor or other person liable in respect of any Indebtedness; (v) any discharge of any evidence of Indebtedness or the acceptance of any instrument in renewal thereof or substitution therefor; (vi) any failure to obtain collateral security (including rights of setoff) for Indebtedness, or to see to the proper or sufficient creation and perfection thereof, or to establish the priority thereof, or to protect, insure, or enforce any collateral security; or any release, modification, substitution, discharge, impairment, deterioration, waste, or loss of any collateral security; (vii) any foreclosure or enforcement of any collateral security; (viii) any transfer of any Indebtedness or any evidence thereof; (ix) any order of application of any payments or credits upon Indebtedness; (x) any election by the Lender under §1111(b)(2) of the United States Bankruptcy Code.

7. The Undersigned waives any and all defenses, claims and discharges of Borrower, or any other obligor, pertaining to Indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, the Undersigned will not assert, plead or enforce against Lender any defense of waiver, release, statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to Borrower or any other person liable in respect of any Indebtedness, or any setoff available against Lender to Borrower or any such other person, whether or not on account of a related transaction. The Undersigned expressly agrees that the Undersigned shall be and remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing Indebtedness, whether or not the liability of Borrower or any other obligor for such deficiency is discharged pursuant to statute or judicial decision. The undersigned shall remain obligated, to the fullest extent permitted by law, to pay such amounts as though the Borrower's obligations had not been discharged.

8. The Undersigned further agrees that the Undersigned shall be and remain obligated to pay Indebtedness even though any other person obligated to pay Indebtedness, including Borrower, has such obligation discharged in bankruptcy or otherwise discharged by law. "Indebtedness" shall include post-bankruptcy petition interest and attorneys' fees and any other amounts which Borrower is discharged from paying or which do not otherwise accrue to Indebtedness due to Borrower's discharge, and the Undersigned shall remain obligated to pay such amounts as though Borrower's obligations had not been discharged.

9. If any payment applied by Lender to Indebtedness is thereafter set aside, recovered, rescinded or required to be returned for any reason (including, without limitation, the bankruptcy, insolvency or reorganization of Borrower or any other obligor), the Indebtedness to which such payment was applied shall for the purposes of this guaranty be deemed to have continued in existence, notwithstanding such application, and this guaranty shall be enforceable as to such Indebtedness as fully as if such application had never been made.

10. The Undersigned waives any claim, remedy or other right which the Undersigned may now have or hereafter acquire against Borrower or any other person obligated to pay Indebtedness arising out of the creation or performance of the Undersigned's obligation under this guaranty, including, without limitation, any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any right to participate in any claim or remedy the Undersigned may have against the Borrower, collateral, or other party obligated for Borrower's debts, whether or not such claim, remedy or right arises in equity, or under contract, statute or common law.

11. The Undersigned waives presentment, demand for payment, notice of dishonor or nonpayment, and protest of any instrument evidencing Indebtedness. Lender shall not be required first to resort for payment of the Indebtedness to Borrower or other persons or their properties, or first to enforce, realize upon or exhaust any collateral security for Indebtedness, before enforcing this guaranty.

12. The liability of the Undersigned under this guaranty is in addition to and shall be cumulative with all other liabilities of the Undersigned to Lender as guarantor or otherwise, without any limitation as to amount, unless the instrument or agreement evidencing or creating such other liability specifically provides to the contrary.

13. This guaranty shall be enforceable against each person signing this guaranty, even if only one person signs and regardless of any failure of other persons to sign this guaranty. If there be more than one signer, all agreements and promises herein shall be construed to be, and are hereby declared to be, joint and several in each of every particular and shall be fully binding upon and enforceable against either, any or all the Undersigned. This guaranty shall be effective upon delivery to Lender, without further act, condition or acceptance by Lender, shall be binding upon the Undersigned and the heirs, representatives, successors and assigns of the Undersigned and shall inure to the benefit of Lender and its participants, successors and assigns. Any invalidity or unenforceability of any provision or application of this guaranty shall not affect other lawful provisions and application hereof, and to this end the provisions of this guaranty are declared to be severable. Except as authorized by the terms herein, this guaranty may not be waived, modified, amended, terminated, released or otherwise changed except by a writing signed by the Undersigned and Lender. This guaranty shall be governed by the laws of the State in which it is executed. The Undersigned waives notice of Lender's acceptance hereof.

*(page 2 of 2)*

BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 (1-800-397-2341) FORM M-240 5/20/91 (For Corporate Guarantor use M-250)

Oak Hill Banks
924 Gallia St
Portsmouth, OH 45662

**COPY**

Portsmouth _____ , Ohio _____
(City) (State)

JUNE 27, 2002

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to in-
duce _____Oak Hill Banks_____
(herein, with its participants, successors and assigns, called "Lender"), at its option, at any time or from time to
time to make loans or extend other accommodations to or for the account of _____
____GLENNCO SYSTEMS, INC._____
(herein called "Borrower") or to engage in any other transactions with Borrower, the Undersigned hereby absolutely
and unconditionally guarantees to Lender the full and prompt payment when due, whether at maturity or earlier by
reason of acceleration or otherwise, of the debts, liabilities and obligations described as follows:

A. If this ☐ is checked, the Undersigned guarantees to Lender the payment and performance of the debt, lia-
bility or obligation of Borrower to Lender evidenced by or arising out of the following:
_____ and any extensions,
renewals or replacements thereof (hereinafter referred to as the "Indebtedness").

B. If this ☒ is checked, the Undersigned guarantees to Lender the payment and performance of each and
every debt, liability and obligation of every type and description which Borrower may now or at any time
hereafter owe to Lender (whether such debt, liability or obligation now exists or is hereafter created or
incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent,
primary or secondary, liquidated or unliquidated, or joint, several, or joint and several; all such debts,
liabilities and obligations being hereinafter collectively referred to as the "Indebtedness"). Without limitation,
this guaranty includes the following described debt(s): _All Present and Future Debts Of The_
_Above Listed Borrower To Oak Hill Banks_____

The term "Indebtedness" as used in this guaranty shall not include any obligations entered into between
Borrower and Lender after the date hereof (including any extensions, renewals or replacements of such
obligations) for which Borrower meets the Lender's standard of creditworthiness based on Borrower's own
assets and income without the addition of a guaranty, or for which a guaranty is required but Borrower chooses
someone other than the joint Undersigned to guarantee the obligation.

The Undersigned further acknowledges and agrees with Lender that:

1. No act or thing need occur to establish the liability of the Undersigned hereunder, and no act or thing, except
full payment and discharge of all indebtedness, shall in any way exonerate the Undersigned or modify, reduce, limit
or release the liability of the Undersigned hereunder.

2. This is an absolute, unconditional and continuing guaranty of payment of the Indebtedness and shall continue
to be in force and be binding upon the Undersigned, whether or not all Indebtedness is paid in full, until this
guaranty is revoked by written notice actually received by the Lender, and such revocation shall not be effective as
to Indebtedness existing or committed for at the time of actual receipt of such notice by the Lender, or as to any
renewals, extensions and refinancings thereof. If there be more than one Undersigned, such revocation shall be
effective only as to the one so revoking. The death or incompetence of the Undersigned shall not revoke this
guaranty, except upon actual receipt of written notice thereof by Lender and then only as to the decedent or the
incompetent and only prospectively, as to future transactions, as herein set forth.

3. If the Undersigned shall be dissolved, shall die, or shall be or become insolvent (however defined) or revoke
this guaranty, then the Lender shall have the right to declare immediately due and payable, and the Undersigned
will forthwith pay to the Lender, the full amount of all Indebtedness, whether due and payable or unmatured. If the
Undersigned voluntarily commences or there is commenced involuntarily against the Undersigned a case under the
United States Bankruptcy Code, the full amount of all Indebtedness, whether due and payable or unmatured, shall
be immediately due and payable without demand or notice thereof.

4. The liability of the Undersigned hereunder shall be limited to a principal amount of $ ___UNLIMITED_____

(if unlimited or if no amount is stated, the Undersigned shall be liable for all Indebtedness, without any limitation as
to amount), plus accrued interest thereon and all attorneys' fees, collection costs and enforcement expenses
referable thereto. Indebtedness may be created and continued in any amount, whether or not in excess of such
principal amount, without affecting or impairing the liability of the Undersigned hereunder. The Lender may apply
any sums received by or available to Lender on account of the Indebtedness from Borrower or any other person
(except the Undersigned), from their properties, out of any collateral security or from any other source to payment
of the excess. Such application of receipts shall not reduce, affect or impair the liability of the Undersigned
hereunder. If the liability of the Undersigned is limited to a stated amount pursuant to this paragraph 4, any
payment made by the Undersigned under this guaranty shall be effective to reduce or discharge such liability only if
accompanied by a written transmittal document, received by the Lender, advising the Lender that such payment is
made under this guaranty for such purpose.

5. The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees
and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this guaranty
in any litigation or bankruptcy or insolvency proceedings.

**This guaranty includes the additional provisions on page 2, all of which are made a part hereof.**

This guaranty is ☒ unsecured; ☐ secured by a mortgage or security agreement dated _____ ;
☐ secured by _____ .

IN WITNESS WHEREOF, this guaranty has been duly executed by the Undersigned the day and year first above
written.

_Daniel C Glenn_____
DANIEL C GLENN

_____

_____

"Undersigned" shall refer to all persons who sign this guaranty, severally and jointly.

BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 (1-800-397-2341) FORM M-240 5/20/91 (For Corporate Guarantor use M-250) (page 1 of 2)

Case 1:05-bk-15501 Doc 6856 Filed 02/03/11 Entered 02/03/11 15:14:59 Desc Main
Case 1:05-bk-15501 Claim 13-1 Filed 06/05/07 Desc Main Document Page 29 of 38
Exhibit Exhibit A - Attachment 5 E Page 29 of 38    Page 8 of 8

## ADDITIONAL PROVISIONS

6. Whether or not any existing relationship between the Undersigned and Borrower has been changed or ended and whether or not this guaranty has been revoked, Lender may, but shall not be obligated to, enter into transactions resulting in the creation or continuance of Indebtedness, without any consent or approval by the Undersigned and without any notice to the Undersigned. The liability of the Undersigned shall not be affected or impaired by any of the following acts or things (which Lender is expressly authorized to do, omit or suffer from time to time, both before and after revocation of this guaranty, without notice to or approval by the Undersigned): (i) any acceptance of collateral security, guarantors, accommodation parties or sureties for any or all Indebtedness; (ii) any one or more extensions or renewals of Indebtedness (whether or not for longer than the original period) or any modification of the interest rates, maturities or other contractual terms applicable to any Indebtedness; (iii) any waiver, adjustment, forbearance, compromise or indulgence granted to Borrower, any delay or lack of diligence in the enforcement of Indebtedness, or any failure to institute proceedings, file a claim, give any required notices or otherwise protect any Indebtedness; (iv) any full or partial release of, settlement with, or agreement not to sue, Borrower or any other guarantor or other person liable in respect of any Indebtedness; (v) any discharge of any evidence of Indebtedness or the acceptance of any instrument in renewal thereof or substitution therefor; (vi) any failure to obtain collateral security (including rights of setoff) for Indebtedness, or to see to the proper or sufficient creation and perfection thereof, or to establish the priority thereof, or to protect, insure, or enforce any collateral security; or any release, modification, substitution, discharge, impairment, deterioration, waste, or loss of any collateral security; (vii) any foreclosure or enforcement of any collateral security; (viii) any transfer of any Indebtedness or any evidence thereof; (ix) any order of application of any payments or credits upon Indebtedness; (x) any election by the Lender under §1111(b)(2) of the United States Bankruptcy Code.

7. The Undersigned waives any and all defenses, claims and discharges of Borrower, or any other obligor, pertaining to Indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, the Undersigned will not assert, plead or enforce against Lender any defense of waiver, release, statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to Borrower or any other person liable in respect of any Indebtedness, or any setoff available against Lender to Borrower or any such other person, whether or not on account of a related transaction. The Undersigned expressly agrees that the Undersigned shall be and remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing Indebtedness, whether or not the liability of Borrower or any other obligor for such deficiency is discharged pursuant to statute or judicial decision. The undersigned shall remain obligated, to the fullest extent permitted by law, to pay such amounts as though the Borrower's obligations had not been discharged.

8. The Undersigned further agrees that the Undersigned shall be and remain obligated to pay Indebtedness even though any other person obligated to pay Indebtedness, including Borrower, has such obligation discharged in bankruptcy or otherwise discharged by law. "Indebtedness" shall include post-bankruptcy petition interest and attorneys' fees and any other amounts which Borrower is discharged from paying or which do not otherwise accrue to Indebtedness due to Borrower's discharge, and the Undersigned shall remain obligated to pay such amounts as though Borrower's obligations had not been discharged.

9. If any payment applied by Lender to Indebtedness is thereafter set aside, recovered, rescinded or required to be returned for any reason (including, without limitation, the bankruptcy, insolvency or reorganization of Borrower or any other obligor), the Indebtedness to which such payment was applied shall for the purposes of this guaranty be deemed to have continued in existence, notwithstanding such application, and this guaranty shall be enforceable as to such Indebtedness as fully as if such application had never been made.

10. The Undersigned waives any claim, remedy or other right which the Undersigned may now have or hereafter acquire against Borrower or any other person obligated to pay Indebtedness arising out of the creation or performance of the Undersigned's obligation under this guaranty, including, without limitation, any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any right to participate in any claim or remedy the Undersigned may have against the Borrower, collateral, or other party obligated for Borrower's debts, whether or not such claim, remedy or right arises in equity, or under contract, statute or common law.

11. The Undersigned waives presentment, demand for payment, notice of dishonor or nonpayment, and protest of any instrument evidencing Indebtedness. Lender shall not be required first to resort for payment of the Indebtedness to Borrower or other persons or their properties, or first to enforce, realize upon or exhaust any collateral security for Indebtedness, before enforcing this guaranty.

12. The liability of the Undersigned under this guaranty is in addition to and shall be cumulative with all other liabilities of the Undersigned to Lender as guarantor or otherwise, without any limitation as to amount, unless the instrument or agreement evidencing or creating such other liability specifically provides to the contrary.

13. This guaranty shall be enforceable against each person signing this guaranty, even if only one person signs and regardless of any failure of other persons to sign this guaranty. If there be more than one signer, all agreements and promises herein shall be construed to be, and are hereby declared to be, joint and several in each of every particular and shall be fully binding upon and enforceable against either, any or all the Undersigned. This guaranty shall be effective upon delivery to Lender, without further act, condition or acceptance by Lender, shall be binding upon the Undersigned and the heirs, representatives, successors and assigns of the Undersigned and shall inure to the benefit of Lender and its participants, successors and assigns. Any invalidity or unenforceability of any provision or application of this guaranty shall not affect other lawful provisions and application hereof, and to this end the provisions of this guaranty are declared to be severable. Except as authorized by the terms herein, this guaranty may not be waived, modified, amended, terminated, released or otherwise changed except by a writing signed by the Undersigned and Lender. This guaranty shall be governed by the laws of the State in which it is executed. The Undersigned waives notice of Lender's acceptance hereof.

*(page 2 of 2)*

BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 (1-800-397-2341) FORM M-240   5/20/91 (For Corporate Guarantor use M-250)

**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

Dated: January 29, 2008

Burton Perlman
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In the matter of:
   Daniel C. Glenn
   Nancy Sue Glenn

                  Debtors

Case No. 05-15501
Judge Perlman
Doc. No. 31

---

**AMENDED ORDER DENYING CLAIM OF MSC INDUSTRIAL SUPPLY CO, JABO, AND QUALITY LEASE, AND ALLOWING THE CLAIMS OF AND RICK SPRIGGS AND OAK HILLS BANK[1]**

---

On May 3, 2007, (Doc. No. 31) the trustee filed an objections to Proof of Claim numbers 1,3,10,11,12 and 13 filed by MSC Industrial Supply, Jabo, Quality Lease, Oak Hills Bank, and Rick Spriggs serving a copy of said objection upon the creditor(s) with a notice requiring the creditor to respond within thirty days, as required under Local Bankruptcy Rule 3007-1(c). It appearing that no response has been filed;

---

[1] To correct order on claim 13 from denied to allowed as a general unsecured claim as requested in the original motion and to allow claims 11 and 12 as the credit filed supplemental documents supporting said claim.

EXHIBIT

D

**IT IS ORDERED,**

**That the claim of Rick Spriggs (Claim no 13) is allowed as a general unsecured claim.**

**That the claims of Oak Hills Bank, (claim nos 11 and 12) are allowed, the creditor having supplemented its claims with supporting documents.**

That the claims of MSC Industrial Supply Co (claim no. 1) , Jabo (claim no.3) and Quality Lease (claim no. 10) ) are DENIED.

**SO ORDERED**

Service list

MSC Industrial Supply
75 Maxess Road
Melville, NY 11747

Jabo Supply Corporation
Acct Receivable Dept.
PO Box 238
Huntington, WV 25707-0238

Quality Lease
PO Box 1346
Portsmouth, OH 45662

Oak Hill Banks
Attn: Special Collection Unit
P.O. Box 7
Ripley, OH 45167

George Leicht, Trustee
202 East Plane Street
Bethel OH 45106-0400

Oak Hill Banks
Attn: Special Collection Unit
P.O. Box 7
Ripley, OH 45167

Office of the United States Trustee
Suite 2030
36 East Seventh Street
Cincinnati, OH 45202

Rick Spriggs
418H Pond Run Road
Stout, OH 45684

Daniel C. Glenn
Nancy Sue Gleen
1000 Tipton Lane
Stout, OH 45684

Michael L. Baker
Ziegler & Schneider541 Buttermilk Pk.
Covington, KY 41017

# # #

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| In the matter of | Case No. **05-15501** |
| **DANIEL GLENN**<br>**NANCY GLENN** | Chapter 7 |
| Debtor(s) | Judge **Burton Perlman** |

### FINAL REPORT AND ACCOUNT OF TRUSTEE
### APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF
### EXPENSES, CLAIMS ANALYSIS, AND ABANDONMENTS

The petition commencing this case was filed on 06/30/2005, and the undersigned, George Leicht, was appointed as trustee or successor trustee on 06/30/2005. The trustee's bond is in the blanket bond amount or in the amount of $2,000,000.00.

Upon appointment, the trustee examined the debtor and investigated its financial affairs. The trustee took into his/her possession assets of the estate, that were administered, abandoned or to be abandoned as detailed on the attached updated Individual Estate Property Record and Report (UST Form 1) and Cash Receipts and Disbursement Record (UST Form 2).

Any property not previously abandoned and not administered will be abandoned, if no objection is filed, effective 30 days from the mailing of the Notice and Opportunity for Hearing on Applications for Compensation and Reimbursement of Expenses, Final Report and Account, Claims Analysis and Abandonments.

The trustee reports that funds were received and disbursed during his/her administration of this estate as detailed on the attached Cash Receipts and Disbursement Record (UST Form 2).

The trustee hereby petitions the Court for compensation in the amount of **$1,874.81** and expenses in the amount of **$113.40** for a total of **$1,988.21**. The trustee's statutory commission and itemization of expenses is attached to the document as Form 5-A. Trustee further petitions the court, for authority to pay Trustee attorney fees in the amount of **$200.00** as set forth in a separate application filed January 25, 2008 in document no. 44.

The trustee certifies that all claims **subject to payment** have been examined and objections have been finally determined. The trustee's analysis of the claims is attached to this document in Form 5-B or 5-C.

The undersigned trustee certifies to the Court and United States Trustee, under penalty of perjury, that the trustee has faithfully and properly fulfilled the duties of the office of the trustee, including certification that all assets have been liquidated or properly accounted and that the funds of the estate are available for distribution. Therefore, the trustee requests that the Final Report and Account of Trustee, Application for Compensation and Reimbursement of Expenses, Claims Analysis and Abandonments be accepted.

Dated: <u>February 28, 2008</u>

/s/ GEORGE LEICHT

George Leicht, Trustee
United States Bankruptcy Trustee
202 East Plane Street
Bethel, OH 45106-0400
Bar No.: 0019698
Tel. No.: (513) 734-4848

### *REVIEWED BY UNITED STATES TRUSTEE*

*The Trustee's Final Report and account has been reviewed by the Office of the United States Trustee.*

*OFFICE OF THE UNITED STATES TRUSTEE*
By: /s/ Donna L. Hargitt

*Donna Hargitt, Paralegal*
*Office of the United States Trustee*



**EXHIBIT**
E

Case Name: **GLENN, DANIEL C. AND GLENN, NANCY SUE**
CaseNumber: **05-15501**

<u>FORM 5-A</u>

### TRUSTEE'S SUMMARY OF RECEIPTS, DISBURSEMENTS, AND PROPOSED DISTRIBUTIONS

| | TOTAL | ALREADY PAID | PROPOSED TO BE PAID |
|---|---|---|---|
| TOTAL RECEIPTS (Actual & Constructive) (less) | $11,248.14 | | |
| Exemptions, Refunds, & Other Non-Compensable Distribution | $0.00 | $0.00 | $0.00 |
| Available for Distribution & Trustee Compensation | $11,248.14 | | |
| Maximum Trustee Compensation - § 326 | $1,874.81 | $0.00 | $1,874.81 |

| DISTRIBUTION TO CLAIMANTS | | TOTAL CLAIMS | INTERIM PAYMENTS | PROPOSED DIVIDEND | % OF CLAIM |
|---|---|---|---|---|---|
| Secured Claims | | | | | |
| Priority Claims - Bankruptcy Code § 507 | | | | | |
| (1) Administrative Expenses (§ 507(a)(1)) (Itemized) | | | | | |
| Trustee Expenses | | $113.40 | $0.00 | $113.40 | 100.00% |
| Bond | $21.09 | | | | |
| Copies | $24.00 | | | | |
| Postage | $48.63 | | | | |
| Supplies | $19.68 | | | | |
| Attorney for Trustee Fees: | | | | | |
| (a) To Trustee or Affiliated Firm | | $200.00 | $0.00 | $200.00 | 100.00% |
| (b) Special Counsel & Other | | | | | |
| All Other Professional Fees: | | | | | |
| (a) To Trustee or Affiliated Firm | | | | | |
| (b) To Other Than Trustee or Affiliate | | | | | |
| Attorney for Trustee Expenses | | | | | |
| Administrative Expenses from Prior Chapter | | | | | |
| Court Costs: Notices/Claims/Fees/UST Fees | | $220.00 | $0.00 | $220.00 | 100.00% |
| Other | | | | | |
| | | | | | |
| **TOTAL EXPENSES OF ADMINISTRATION OTHER THAN TRUSTEE COMPENSATION** | | $533.40 | $0.00 | $533.40 | |
| | | | | | |
| (2) Wages, Salaries & Compensation (§507(a)(3)) | | | | | |
| (3) Tax Claims (§507(a)(8)) | | | | | |
| (4) Other Priority (§507(a)(2),(4)(5),(6),(7) or (9) | | | | | |
| | | | | | |
| Unsecured Claims - §726(a)(2) | | $528,900.39 | $0.00 | $8,839.93 | 1.67% |
| Unsecured Claims - §726(a)(3) | | | | | |
| Claims Pursuant to - §726(a)(4) | | | | | |
| Interest on Claims - §726(a)(5) | | $0.00 | $0.00 | $0.00 | 0.00% |
| | | | | | |
| **TOTAL CLAIMS AND EXPENSES OTHER THAN TRUSTEE COMPENSATION** | | $529,433.79 | $0.00 | $9,373.33 | |
| | | | | | |
| Trustee Compensation | | $1,874.81 | $0.00 | $1,874.81 | 100.00% |
| | | | | | |
| **TOTAL CLAIMS AND EXPENSES** | | $531,308.60 | $0.00 | $11,248.14 | |
| | | | | | |
| Surplus to Debtor - §726(a)(6) | | | | | |
| | | | | | |
| **TOTAL CLAIMS AND EXPENSES AND SURPLUS** | | $531,308.60 | $0.00 | $11,248.14 | |

Case Name: GLENN, DANIEL C. AND GLENN, NANCY SUE                     **FORM 5-C**
CaseNumber: 05-15501

## CLAIMS ANALYSIS
(Short Form)

The time for filing claims in this case expired on 01/08/2007. The trustee has examined ALL OF THE CLAIMS ON FILE THAT WILL BE SUBJECT TO PAYMENT and has made the following analysis:

**FIRST PRIORITY**
(Other Chapter Administrative Expenses)

| Claim No. | Creditor Name | Claim Amount | *Interest Amount | Dividend Amount | ** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | TOTAL: | | | | |

**SECOND PRIORITY**
(Claims arising after filing of involuntary petition but before entry of order for relief or appointment of trustee)

| Claim No. | Creditor Name | Claim Amount | *Interest Amount | Dividend Amount | ** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | TOTAL: | | | | |

**THIRD PRIORITY**
(Wage Claims 90 days prior to filing)

| Claim No. | Creditor Name | Claim Amount | *Interest Amount | Dividend Amount | ** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | TOTAL: | | | | |

**UNSECURED CLAIMS**

| Claim No. | Creditor Name | Claim Amount | *Interest Amount | Dividend Amount | ** |
|---|---|---|---|---|---|
| 2 | AMERICAN ELECTRIC POWER | $112.62 | $0.00 | $1.89 | |
| 4 | eCAST Settlement Corporation successor to | $1,593.63 | $0.00 | $26.64 | |
| 5 | eCAST Settlement Corporation successor to | $1,684.84 | $0.00 | $28.16 | |
| 6 | eCAST Settlement Corporation successor to | $2,771.55 | $0.00 | $46.32 | |
| 7 | LUTE SUPPLY | $18,047.75 | $0.00 | $301.65 | |
| 8 | Eugene Hobstetter | $40,000.00 | $0.00 | $668.55 | |
| 9 | US DEPARTMENTOF LABOR OSHA | $10,500.00 | $0.00 | $175.49 | |
| 11 | Oak Hill Banks | $30,896.74 | $0.00 | $516.40 | |
| 12 | Oak Hill Banks | $383,293.26 | $0.00 | $6,406.28 | |
| 13 | Rick Spriggs | $40,000.00 | $0.00 | $668.55 | |
| | TOTAL: | $528,900.39 | $0.00 | $8,839.93 | |

**UNSECURED TARDILY FILED CLAIMS**

| Claim No. | Creditor Name | Claim Amount | *Interest Amount | Dividend Amount | ** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | TOTAL: | | | | |

Claim No. 1, 3 and 10 were denied per court order doc. no. 35. Clam Nos. 11, 12 and 13 will be paid as unsecured nonpriority claims per amended court order doc. no. 45.

Claim No. 14 is a late filed claim and will not be included in distribution.

*Interest paid pursuant to 11 U.S.C. § 726(a)(5) at rate of 0.00% from 06/30/2005 to 02/28/2008. For interest rate please refer to 28 U.S.C. § 1961(b)

**Claims marked with ** have been disallowed in full pursuant to Court Order.

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

| Case No.: | 05-15501 | Trustee Name: | George Leicht |
|---|---|---|---|
| Case Name: | GLENN, DANIEL C. AND GLENN, NANCY SUE | Date Filed (f) or Converted (c): | 06/30/2005 (f) |
| For the Period Ending: | 2/28/2008 | §341(a) Meeting Date: | 09/06/2005 |
| | | Claims Bar Date: | 01/08/2007 |

| Ref. # | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | 1/5 estate of mother | $0.00 | $11,145.83 | | $11,145.83 | | FA |
| 2 | 1000 Tipton Lane, Stout, OH | $228,570.00 | $0.00 | DA | $0.00 | | FA |
| 3 | 928 16th St Portsmouth, OH | $225,000.00 | $0.00 | DA | $0.00 | | FA |
| 4 | 1510 Findlay St. Portmouth, OH | $375,000.00 | $0.00 | DA | $0.00 | | FA |
| 5 | cash | $100.00 | $0.00 | DA | $0.00 | | FA |
| 6 | checking accounts | $550.00 | $0.00 | DA | $0.00 | | FA |
| 7 | household | $3,885.00 | $0.00 | DA | $0.00 | | FA |
| 8 | collectables | $1,140.00 | $0.00 | DA | $0.00 | | FA |
| 9 | clothing | $600.00 | $0.00 | DA | $0.00 | | FA |
| 10 | jewelry | $800.00 | $0.00 | DA | $0.00 | | FA |
| 11 | sports equipment | $950.00 | $0.00 | DA | $0.00 | | FA |
| 12 | ERISA Retirement | $4,900.00 | $0.00 | DA | $0.00 | | FA |
| 13 | plumbers and steamfitters pension plan | $0.00 | $0.00 | DA | $0.00 | | FA |
| 14 | plumbers & pipefitters ua pension | $0.00 | $0.00 | DA | $0.00 | | FA |
| 15 | Glenco Systems, Inc. Stock | $0.00 | $0.00 | DA | $0.00 | | FA |
| 16 | Falcon Metal Technologies Stock | $0.00 | $0.00 | DA | $0.00 | | FA |
| 17 | Loan to Falcon Metal Technologies, Inc. | $157,275.00 | $0.00 | DA | $0.00 | | FA |
| 18 | 1998 Toyota 4 Runner | $14,000.00 | $0.00 | DA | $0.00 | | FA |
| INT | Interest Earned (u) | Unknown | Unknown | | $102.31 | | FA |

| TOTALS (Excluding unknown value) | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|
| | $1,012,770.00 | $11,145.83 | $11,248.14 | $0.00 |

**Major Activities affecting case closing:**

| 09/08/2006 | moved to reopen case. debtor owns a 1/5th interest in real estate valued between 40 - 50K, no mortgage. attempting to obtain information from debtor |
|---|---|
| 06/04/2007 | Recived a letter from Michael Baker new attorney for debtor indicating that there may be other assets in this case. Holding case open to investigate further. No response from Baker as of June 26, 2007 |
| 08/15/2007 | Debtors received $7,875 return on old tax shelter investment, subject to current taxes, etc. In discussion regarding payment of taxes |
| 12/31/2007 | Waiting for clerk to certify to record |

Case: 05-15501 Doc 556 Filed 02/01/11 Entered 02/01/11 14:15:12 Desc Main
Exhibit Av / attachments E Page Page 36 of 38

Page No:     2

FORM 1D

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

| | | | |
|---|---|---|---|
| Case No.: | 05-15501 | Trustee Name: | George Leicht |
| Case Name: | GLENN, DANIEL C. AND GLENN, NANCY SUE | Date Filed (f) or Converted (c): | 06/30/2005 (f) |
| For the Period Ending: | 2/28/2008 | §341(a) Meeting Date: | 09/06/2005 |
| | | Claims Bar Date: | 01/08/2007 |



| | | | |
|---|---|---|---|
| Initial Projected Date Of Final Report (TFR): | 09/01/2007 | Current Projected Date Of Final Report (TFR): | 01/15/2008 |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| **Case No.** | 05-15501 | |
| **Case Name:** | GLENN, DANIEL C. AND GLENN, NANCY SUE | |
| **Primary Taxpayer ID #:** | ████2048 | |
| **Co-Debtor Taxpayer ID #:** | ████2048 | |
| **For Period Beginning:** | 6/30/2005 | |
| **For Period Ending:** | 2/28/2008 | |

| | |
|---|---|
| **Trustee Name:** | George Leicht |
| **Bank Name:** | Sterling Bank |
| **Checking Acct #:** | ████501 |
| **Account Title:** | |
| **Blanket bond (per case limit):** | $1,000,000.00 |
| **Separate bond (if applicable):** | |

| Transaction Date | Check Ref # | Paid To / Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
|---|---|---|---|---|---|---|---|
| 01/28/2008 | | Transfer From: #██████5501 | Transfer to Close Account | 9999-000 | $11,248.14 | | $11,248.14 |

| | | | | |
|---|---|---|---|---|
| **TOTALS:** | | $11,248.14 | $0.00 | $11,248.14 |
| **Less: Bank transfers/CDs** | | $11,248.14 | $0.00 | |
| **Subtotal** | | $0.00 | $0.00 | |
| **Less: Payments to debtors** | | $0.00 | $0.00 | |
| **Net** | | $0.00 | $0.00 | |

| For the period of 6/30/2005 to 2/28/2008 | | For the entire history of the account between 01/28/2008 to 2/28/2008 | |
|---|---|---|---|
| Total Compensable Receipts: | $0.00 | Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 | Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $11,248.14 | Total Internal/Transfer Receipts: | $11,248.14 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Case No. | | 05-15501 | | | Trustee Name: | | George Leicht |
| Case Name: | | GLENN, DANIEL C. AND GLENN, NANCY SUE | | | Bank Name: | | Sterling Bank |
| Primary Taxpayer ID #: | | ████2048 | | | Money Market Acct #: | | ████5501 |
| Co-Debtor Taxpayer ID #: | | ████2048 | | | Account Title: | | |
| For Period Beginning: | | 6/30/2005 | | | Blanket bond (per case limit): | | $1,000,000.00 |
| For Period Ending: | | 2/28/2008 | | | Separate bond (if applicable): | | |

| Transaction Date | Check or Ref # | Paid To / Received From | Description of Transaction | Uniform Tran Code | Deposits | Disbursements | Balance |
|---|---|---|---|---|---|---|---|
| 09/14/2006 | (1) | McBrayer, McGinnis, Leslie & Kirkland | Daniel Glenn | 1210-000 | $11,145.83 | | $11,145.83 |
| 09/29/2006 | (INT) | Sterling Bank | Interest Earned For September | 1270-000 | $2.57 | | $11,148.40 |
| 10/31/2006 | (INT) | Sterling Bank | Interest Earned For October | 1270-000 | $6.63 | | $11,155.03 |
| 11/30/2006 | (INT) | Sterling Bank | Interest Earned For November | 1270-000 | $6.42 | | $11,161.45 |
| 12/29/2006 | (INT) | Sterling Bank | Interest Earned For December | 1270-000 | $6.64 | | $11,168.09 |
| 01/31/2007 | (INT) | Sterling Bank | Interest Earned For January | 1270-000 | $6.64 | | $11,174.73 |
| 02/28/2007 | (INT) | Sterling Bank | Interest Earned For February | 1270-000 | $6.00 | | $11,180.73 |
| 03/30/2007 | (INT) | Sterling Bank | Interest Earned For March | 1270-000 | $6.65 | | $11,187.38 |
| 04/30/2007 | (INT) | Sterling Bank | Interest Earned For April | 1270-000 | $6.44 | | $11,193.82 |
| 05/31/2007 | (INT) | Sterling Bank | Interest Earned For May | 1270-000 | $6.65 | | $11,200.47 |
| 06/29/2007 | (INT) | Sterling Bank | Interest Earned For June | 1270-000 | $6.44 | | $11,206.91 |
| 07/31/2007 | (INT) | Sterling Bank | Interest Earned For July | 1270-000 | $6.66 | | $11,213.57 |
| 08/31/2007 | (INT) | Sterling Bank | Interest Earned For August | 1270-000 | $6.67 | | $11,220.24 |
| 09/28/2007 | (INT) | Sterling Bank | Interest Earned For September | 1270-000 | $6.09 | | $11,226.33 |
| 10/31/2007 | (INT) | Sterling Bank | Interest Earned For October | 1270-000 | $5.72 | | $11,232.05 |
| 11/30/2007 | (INT) | Sterling Bank | Interest Earned For November | 1270-000 | $5.54 | | $11,237.59 |
| 12/31/2007 | (INT) | Sterling Bank | Interest Earned For December | 1270-000 | $5.73 | | $11,243.32 |
| 01/28/2008 | (INT) | Sterling Bank | Account Closing Interest As Of 1/28/2008 | 1270-000 | $4.82 | | $11,248.14 |
| 01/28/2008 | | Transfer To: #████5501 | Transfer to Close Account | 9999-000 | | $11,248.14 | $0.00 |

|  |  |  |  |  | SUBTOTALS | $11,248.14 | $11,248.14 |
|---|---|---|---|---|---|---|---|

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No. | 05-15501 | | | Trustee Name: | George Leicht | |
| Case Name: | GLENN, DANIEL C. AND GLENN, NANCY SUE | | | Bank Name: | Sterling Bank | |
| Primary Taxpayer ID #: | ▮2048 | | | Money Market Acct #: | ▮5501 | |
| Co-Debtor Taxpayer ID #: | ▮2048 | | | Account Title: | | |
| For Period Beginning: | 6/30/2005 | | | Blanket bond (per case limit): | $1,000,000.00 | |
| For Period Ending: | 2/28/2008 | | | Separate bond (if applicable): | | |

| | | Receipts | Disbursements | Balance |
|---|---|---|---|---|
| **TOTALS:** | | $11,248.14 | $11,248.14 | $0.00 |
| **Less:** Bank transfers/CDs | | $0.00 | $11,248.14 | |
| **Subtotal** | | $11,248.14 | $0.00 | |
| **Less:** Payments to debtors | | $0.00 | $0.00 | |
| **Net** | | $11,248.14 | $0.00 | |

| For the period of 6/30/2005 to 2/28/2008 | | For the entire history of the account between 09/14/2006 to 2/28/2008 | |
|---|---|---|---|
| Total Compensable Receipts: | $11,248.14 | Total Compensable Receipts: | $11,248.14 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $11,248.14 | Total Comp/Non Comp Receipts: | $11,248.14 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $11,248.14 | Total Internal/Transfer Disbursements: | $11,248.14 |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | |
|---|---|---|---|
| Case No. | 05-15501 | Trustee Name: | George Leicht |
| Case Name: | GLENN, DANIEL C. AND GLENN, NANCY SUE | Bank Name: | Sterling Bank |
| Primary Taxpayer ID #: | 2048 | Money Market Acct #: | 5501 |
| Co-Debtor Taxpayer ID #: | 2048 | Account Title: | |
| For Period Beginning: | 6/30/2005 | Blanket bond (per case limit): | $1,000,000.00 |
| For Period Ending: | 2/28/2008 | Separate bond (if applicable): | |

| | | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | $11,248.14 | $0.00 | $11,248.14 |

| For the period of 6/30/2005 to 2/28/2008 | | For the entire history of the case between 06/30/2005 to 2/28/2008 | |
|---|---|---|---|
| Total Compensable Receipts: | $11,248.14 | Total Compensable Receipts: | $11,248.14 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $11,248.14 | Total Comp/Non Comp Receipts: | $11,248.14 |
| Total Internal/Transfer Receipts: | $11,248.14 | Total Internal/Transfer Receipts: | $11,248.14 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $11,248.14 | Total Internal/Transfer Disbursements: | $11,248.14 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### CINCINNATI DIVISION

|  |  |
|---|---|
| In the matter of<br>**DANIEL GLENN**<br>**NANCY GLENN**<br><br>Debtor(s) | Case No. **05-15501**<br>Chapter 7<br><br>Judge **Burton Perlman** |

### NOTICE TO THE CLERK OF SMALL DIVIDENDS
### AND UNCLAIMED DIVIDENDS

**TO THE CLERK OF THE COURT**

The attached check in the amount of (1)$6,922.68 represents the total sum of unclaimed and/or small dividends in this estate and is paid to the court pursuant to 11 U.S.C. Sec. 347(a) and FRBP 3010. The name(s) and addresses of the parties entitled to those unclaimed dividends are as follows:

| Creditor Name and Address | Claim No. | Amount of Dividend |
|---|---|---|
| OAK HILL BANKS<br>Attn:  Special Collections Unit<br>PO Box 7<br>Ripley, OH 45167 | 11 | $516.40 |
| OAK HILL BANKS<br>Attn:  Special Collections Unit<br>PO Box 7<br>Ripley, OH 45167 | 12 | $6,406.28 |

Total Unclaimed/ Small
Dividends $25.00 or under

Total Unclaimed Dividends Over
$25.00                                  $6,922.68

Dated:    8/4/2008                      /s/ GEORGE LEICHT
_____

George Leicht

cc: U.S. Trustee



**EXHIBIT**
F